UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. ZAPP,

      Plaintiff,

                                      Case No. 13-12998

v.

                                      Hon. John Corbett O'Meara

TROTT & TROTT, P.C.,

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

This cases arises under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff, Jennifer Zapp, obtained a home loan in 2010 from CitiMortgage, Inc. In February 2013, Plaintiff received a letter from Trott & Trott, P.C., regarding her failure to pay her home loan. Trott & Trott acts as a debt collector for certain creditors, including CitiMortgage. The notice Trott & Trott sent to Plaintiff provides as follows:

> This office represents CitiMortgage, Inc., which is the
> creditor to which your mortgage debt is owed *or* the loan

>   servicer for the creditor to which the mortgage debt is owed.
>
>   \* \* \*
>
>   Unless you notify this office within thirty (30) days *of* receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or a copy of the judgment, if applicable, and mail a copy of such verification or judgment to you.  If you request, in writing, within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. at Ex. 1 (emphasis added).

Plaintiff contends that the letter violates the FDCPA in two ways: first, Plaintiff alleges that the letter fails to identify her creditor; and second, Plaintiff alleges that the phrase "within thirty days *of* receiving this notice" instead of "within thirty days *after* receiving this notice" reduces the number of days she has to dispute and validate the debt. Compl. at ¶ 22.  Defendant seeks dismissal of Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6).

## LAW AND ANALYSIS

### I.      Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

## II.   Fair Debt Collection Practices Act Claim

The FDCPA prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also requires that a debt collector provide certain information to the debtor, including "(2) the name of the creditor to whom the debt is owed; [and] (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. §

1692g(a)(2), (3).

"Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012).  This standard "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd" and "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Barany-Snyder v. Weiner, 539 F.3d 327, 332-33 (6th Cir. 2008) (citation omitted).

Defendant's letter to Plaintiff identifies CitiMortgage as "the creditor to which your mortgage debt is owed *or* the loan servicer for the creditor to which the mortgage debt is owed."  Plaintiff has a plausible claim that the least sophisticated consumer would be confused regarding the identity of her creditor.  Based upon the language of the letter, CitiMortgage could be the loan servicer and not the creditor, potentially leaving the creditor unidentified.  Although Defendant argues that CitiMortgage is *both* the creditor and the loan servicer (and that a loan servicer is considered a creditor) this does not necessarily render the letter clear to the "least sophisticated consumer."  See Eun Joo Lee v. Forster & Garbus, LLP, 926 F.

Supp.2d 482, 487 (E.D. N.Y. 2013) (plaintiff stated a claim under FDCPA where correct creditor was "mentioned" but "the letter does not clearly and effectively convey its role in connection with the debt"); Sparkman v. Zwicker & Assocs., 374 F. Supp.2d 293, 301 (E.D. N.Y. 2005) ("The least sophisticated consumer would not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus.").

Defendant cites Olson v. Wilford, Geske & Cook, 2013 WL 489040 (D. Minn. Feb. 8, 2013) for the proposition that the same language at issue here – "the creditor to which your mortgage debt is owed *or* the loan servicer for the creditor to which the mortgage debt is owed" – is not violative of the FDCPA.  In Olson, the court "acknowledge[d] that the Letter is indeed poorly drafted" but found that the FDCPA was not violated because "the Letter does in fact 'contain' the name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a). Id. at *4.

The Olson court's interpretation – that a collection letter must simply "contain" the name of the creditor – is contrary to the "least sophisticated consumer" standard and to other cases requiring that the information be clearly and effectively conveyed.  See Lee, 926 F. Supp.2d at 487; Sparkman, 374 F. Supp.2d at 301; McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir.

2006) ("If the required information is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer, § 1692g has been violated."). The court finds that Plaintiff has stated a claim for a violation of 15 U.S.C. § 1692g.

Plaintiff also claims that the following language violates the FDCPA: "Unless you notify this office within thirty (30) days *of* receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid." According to Plaintiff it should read "within thirty days *after* receiving this notice." See 15 U.S.C. 1692g(a)(3). The court fails to see how the least sophisticated consumer would discern a difference between "of" and "after" in this context. Indeed, "[n]either grammar nor common sense provides anyone besides an FDCPA lawyer any reason to assume a material difference between 'after' and 'of.'" Wallace v. Diversified Consultants, Inc., 2013 WL 4670561 at *2 (E.D. Mich. Aug. 30, 2013) (granting motion for judgment on the pleadings). The FDCPA does not create liability for "bizarre or idiosyncratic interpretations" of collection letters such as that proffered by Plaintiff. With respect to this claim, the court will grant Defendant's motion to dismiss.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is

GRANTED IN PART and DENIED IN PART, consistent with this opinion and

order.

s/John Corbett O'Meara
United States District Judge

Date:  December 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 17, 2013, using the ECF system.

s/William Barkholz
Case Manager