# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jennifer L. Zapp,

                Plaintiff,        Case No. 13-cv-12998
                                       Hon. Judith E. Levy
v.                                              Mag. Judge Mona K. Majzoub

Trott & Trott, P.C.,

                Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN ACCORDANCE WITH <u>AGREED-UPON SETTLEMENT [38]</u>

     This is a consumer credit case. Pending are plaintiff's counsel's motion to withdraw (Dkt. 37) and defendant's cross-motion to dismiss this case in accordance with an agreed-upon settlement. (Dkt. 38.)

    I.     Background

     Plaintiff filed suit against defendant on July 12, 2013, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* with respect to herself, as well as raising the potential for a class action suit on behalf of those similarly situated. (Dkt. 1.)

1

On March 10, 2014, the parties reached a tentative settlement agreement, the terms of which included a dismissal of all claims in exchange for $15,000. On March 11, 2014, the parties filed a notice of settlement with the Court, and stated that they would stipulate to dismissal within 14 days. (Dkt. 35.)

The parties then spent the next few weeks attempting to iron out the details of the settlement. On March 31, 2014, plaintiff's counsel sent a final redlined version of the settlement agreement to defendant. Defendant agreed to the final version later that day. Plaintiff refused to sign the agreed-upon settlement, and four days later, on April 3, 2014, plaintiff's counsel filed a motion to withdraw based on a breakdown in the attorney-client relationship.

II.     Analysis

The parties agree that there is an enforceable settlement agreement. (See Dkt. 38; Dkt. 40 at 11 ("Defendant is correct in its beliefs regarding this final settlement.").) This Court has "broad, inherent authority and equitable power . . . to enforce an agreement in settlement of litigation pending before it[.]" *Bostick Foundry v. Lindberg*, 797 F.2d 280, 282-84 (6th Cir. 1986). "Once concluded,

a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment." *Id.* at 283.

Plaintiff has informed the Court that she wishes to terminate her relationship with her counsel, and her counsel has filed a motion to withdraw.  Because plaintiff was represented by counsel with settlement authority at the time settlement was reached, she is bound both by the actions of her counsel and the defendant's reliance on the settlement agreement into which she entered.  *See, e.g., Pugno v. Bank of Am.*, 11-cv-01159, 2013 WL 791878, at *1 (W.D. Mich. Jan. 30, 2013).

There is no dispute as to whether a settlement agreement exists, or as to any of the material terms of that agreement.  There is no dispute that the settlement agreement is binding on both parties, and that the settlement agreement contemplates dismissal of the instant claims against defendant in exchange for monetary and other consideration.  Accordingly, the Court will enforce the settlement agreement and dismiss the case.

III.  Conclusion

For the reasons set forth above, the Court ORDERS THAT:

Plaintiff's complaint is DISMISSED WITH PREJUDICE; and

3

Plaintiff's counsel's motion to withdraw is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: July 11, 2014   s/Judith E. Levy
   Ann Arbor, Michigan   JUDITH E. LEVY
   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

4